Appellant, Edward C. Sable, appeals from the judgment of the Portage County Municipal Court, Ravenna Division, entered on August 11, 1999. After a bench trial on July 7, 1999, appellant was convicted of DUI, of leaving the scene of an accident, and of driving without an operator's license. Appellant subsequently filed a motion for a new trial, which was denied. This appeal concerns appellant's conviction for leaving the scene of an accident in violation of R.C. 4549.02. The following facts are relevant.
On April 17, 1998, shortly before 3:25 a.m., a traffic accident occurred on State Route 5 in Portage County, Ohio. The collision involved a semi-truck and a four-wheel drive pickup truck. Appellant was driving the pickup truck. Ohio State Highway Patrol Post 67, Ravenna, dispatched Sergeant Chris Heverly and Trooper Louis Gliozzi to investigate the accident.
The force of impact of the collision tore the left front wheel off of appellant's pickup truck. But, appellant continued driving his vehicle in spite of the fact he only had three wheels left. Appellant drove the vehicle approximately three-eighths of a mile (two thousand feet), around a curve in the road, to Wayland Road, whereupon he turned left. He then drove another one-quarter mile (thirteen hundred feet) before he stopped in the middle of the road. Trooper Gliozzi found the wheel, and part of the vehicle's "drive" assembly with it, lying on the berm of State Route 5 approximately one-hundred feet from the semi-truck, which had parked on the other side of the road after the accident. Trooper Gliozzi concluded the accident occurred at the site where the semi-truck and the fourth wheel remained. Appellant's vehicle had left a gouge mark in the road, beginning at the scene of the accident where the tire was sheered off, and ending where the vehicle stopped in the middle of Wayland Road. Sergeant Heverly and Trooper Gliozzi both estimated the distance appellant traveled from the site of the collision as approximately three-quarters of a mile.
At 3:25 a.m., appellant dialed 9-1-1 on his cellular phone to report the accident. This call was forwarded to the district headquarters of the Ohio State Highway Patrol, which is Post 76 located in Massillon, Ohio. Post 76's phone log indicates the appellant identified himself, and reported a hit-skip had occurred on Parkman Road and State Route 422. This location reported by appellant was the wrong location. Appellant stated that a vehicle hit him and fled northbound on Coit Road, which proved to be untrue. The log indicated that appellant was "standing by" at his location. Post 76 forwarded appellant's call to Post 78, which was not the post that ultimately conducted the investigation of the accident. Presumably, the call was forwarded to Post 78 because of the location appellant indicated the accident had occurred.
The driver of the semi-truck placed a 9-1-1 call at 3:41 a.m. He accurately reported that a hit-skip had occurred on State Route 5, near State Route 225. He stated that the vehicle had left the scene heading westbound. This call was forwarded to Post 67 for response. Post 67's phone log documents the reception of this call, whereas it does not document the reception of appellant's call to Post 78. Sergeant Heverly and Trooper Gliozzi were both dispatched by Post 67 to investigate the report.
Sergeant Heverly, after having started his investigation at the location of the semi-truck, and having begun to look for appellant's vehicle, received a call from dispatch directing him to appellant's location. Trooper Gliozzi was driving to the location of the semi-truck when he was redirected by dispatch to appellant's location. Both testified at trial that they did not know the source of the information relayed by dispatch regarding appellant's location. They simply proceeded to that location as directed by dispatch. Clearly, as the investigation based on the call from the semi-truck driver at 3:41 a.m. had begun, the information was received by dispatch sometime after that, but Post 67's phone log does not indicate the source.
Upon arrival at appellant's location, it was determined appellant was intoxicated. He was cited, and ultimately convicted, for DUI, his third offense. He was also cited for driving on a suspended license. This charge was amended, and he was convicted of No Operators License, a lesser charge.
While appellant was cited on April 17, 1998, the matter did not come to trial until July 7, 1999, due to a number of continuances. Appellant changed counsel in December of 1998. Appellant's first counsel filed a motion for discovery on May 13, 1998, and a pretrial was conducted on May 18. Two pretrials were conducted with appellant's new counsel in January of 1999.
One of the issues appellant raises on appeal is whether the state withheld or suppressed evidence that appellant had called 9-1-1 to report the accident. Appellant, through a formal discovery motion pursuant to Crim.R. 16, had requested disclosure of any written or recorded statements he had made, and of any evidence that was favorable to him. No specific request for phone logs was made. Appellant was not provided with the phone logs from Post 76 or Post 78. The phone logs were found by a private investigator three weeks after appellant's trial and conviction.
Appellant suggests that since he called and reported the accident, his call was evidence he was not attempting to leave the scene of the accident. Appellant's call to 9-1-1 was received by the Ohio State Highway Patrol sixteen minutes before the call was received from the semi-truck driver, who gave an accurate report of the accident. Appellant's call was logged in at Post 76, where it was first received. But the call was not forwarded to Post 67, which ultimately investigated the accident. The call was forwarded to Post 78. Post 67 dispatched the investigating officers based on the call it received from the semi-truck driver. Thus, Post 67 had no documentation of a call by the appellant, and had its phone log been disclosed to appellant, there would have been no indication of a phone call from appellant. When Sergeant Heverly and Trooper Gliozzi testified at trial, both testified that they did not know the source of the information relayed to them by dispatch regarding appellant's location.
The state had an open file discovery policy. The file did not include the phone logs from Ohio State Highway Patrol Post 76 or Post 78, which documented appellant's phone call at 3:25 a.m. Nor did the file include the phone log of Post 67, which did not document the call. In response to appellant's discovery request, appellant was informed of the open-file policy. The phone log documenting appellant's call to Post 76 was not a part of the state's case. The state's case consisted primarily of the testimony of Sergeant Heverly and Trooper Gliozzi.
Appellant was convicted after a bench trial on July 7, 1999. On July 27, appellant filed a motion for a new trial. Crim.R. 33(A)(6) sets forth as potential grounds for a new trial the discovery of new evidence by the defense, which is material to the defense and which the defendant could not, having used reasonable diligence, have discovered and produced at the trial. The phone log from Post 76 documenting appellant's phone call provided the basis for appellant's motion. The trial court conducted a hearing on the motion on August 11, 1999. At the conclusion of the hearing, the trial court denied the motion.
The trial court set forth two reasons for the denial of the motion. First, it concluded that had appellant used reasonable diligence, it would have discovered the log prior to trial. The court stated:
 "Obviously any defense attorney knows that OSP keeps a log. And if you are talking to your client, then your client had to have told you that he made this call. And a simple subpoena would have sufficed to bring in those records, or you could have asked specifically in your discovery if you did not see it present, for the records."
 Second, the trial court concluded the phone call was not
exculpatory, and thus not material to the defense. The trial court viewed the phone call as an attempt by the defendant "to throw the cops off his trail." From this judgment, appellant timely filed his notice of appeal.
As appellant's assignments of error are interrelated, we will discuss them in a consolidated fashion. In his first assignment of error, appellant argues the trial court erred in denying his motion for a new trial based on the newly discovered evidence. Appellant first argues that he did make a reasonably diligent effort to obtain the evidence by filing his motion for discovery, and that it was the prosecution's failure to comply with this request which prevented him from obtaining the log. Appellant states the evidence was relevant, and that it was favorable to his case. Appellant acknowledges that the evidence would be considered material only if it would create a strong probability of leading to a different result at trial. Appellant argues the phone call demonstrates that he reported the accident to the police and, that he provided the police his exact location and that he was "standing by," and, thus, did not leave the scene of the accident.
In his second assignment of error, appellant argues the prosecution willfully violated Crim.R. 16 by not providing appellant the Post 76 phone log from April 17, 1998, as this phone log contained a relevant recorded statement made by appellant and also constituted evidence favorable to appellant. Appellant points out that the log was not produced in discovery prior to trial. Secondly, he argues that the prosecutor had a continuing duty to disclose favorable evidence and, that the prosecutor did not disclose evidence after being put on notice at trial of its possible existence. Appellant's counsel asked both Sergeant Heverly and Trooper Gliozzi at trial whether they knew if appellant had called to report the accident. They both responded they did not. In short, appellant argues that the prosecutor suppressed evidence. As appellant did not testify at trial, he claims that the only way he could get his phone call into evidence was through the submission of documents or by the testimony of the witnesses.[1]
In State v. Johnston (1988), 39 Ohio St.3d 48, the Supreme Court of Ohio did an evaluation of the applicable standard's of review for appeals arising out of Crim.R. 33(A)(6) motions. The Supreme Court distinguished and established a separate standard of review for instances where evidence has been suppressed from other Crim.R. 33(A)(6) motions. We would note that, in this case, there is a mere claim that evidence has been suppressed. No such showing has been made. The usual standard of review for Crim.R. 33(A)(6) motions is the abuse of discretion standard.Id. at 60. In demonstrating that the evidence is material, the defense has the burden of showing that the newly discovered evidence probably
would have resulted in acquittal. Id. However, in instances where the newly discovered evidence is claimed to have been suppressed, the law imposes a lesser burden because the claim invokes the Constitutional Due Process right to a fair trial. Id. The court set forth the lower standard of review for materiality in the fifth paragraph of the syllabus, which states:
 "In determining whether the prosecution improperly suppressed evidence favorable to an accused, such evidence shall be deemed material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A `reasonable probability' is a probability sufficient to undermine confidence in the outcome. This standard of materiality applies regardless of whether the evidence is specifically, generally or not at all requested by the defense. (United States v. Bagley [1984], 473 U.S. 667, followed.)" Id.
Where it is claimed the evidence was suppressed, the defendant need only demonstrate that the probability of different outcome is sufficient to undermine confidence in the outcome obtained, not that it is probable the outcome would be different. In making this distinction in Johnston, we would emphasize that the Supreme Court indicated this is to be applied as a lower burden.
Appellant was convicted for violating R.C. 4549.02, which provides, in pertinent part:
 "In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person so driving or operating such motor vehicle, having knowledge of such accident or collision, shall immediately stop his motor vehicle at the scene of the accident or collision and shall remain at the scene of such accident or collision until he has given his name and address * * * to the operator * * * of any motor vehicle damaged in such accident or collision * * *."
In the instant case, appellant, having knowledge of the accident, did not immediately stop at the scene and remain there until he exchanged information. Down to three tires but undeterred, appellant pressed on for three-quarters of a mile, gouging the road every inch of the way, in what appears to have been a desperate attempt to avoid a third DUI citation. Appellant's counsel suggests that the entire area from where the semi-truck was located to where appellant's vehicle stopped constituted the scene of the accident. Trooper Gliozzi disagreed. He testified "[the vehicle] drove away from the scene. It didn't fly from the inertia a half-mile down the road, around that curve, and another quarter-mile down the road. It was driven."
Appellant was required to immediately stop and exchange information. The reality of this case is that the crime occurred before the phone call was made, and thus the phone call is legally insignificant. Having already committed the offense of leaving the scene, appellant then placed his phone call divulging his location. Therefore, the phone call and any evidence of it were not material to the defense because no probability of a different outcome would be created by its admission into evidence.
We would add a cautionary note that it is the province of the court, not the state, to determine if evidence is exculpatory. We recognize that because evidence is in the sole possession of the state initially, it must consequently make a decision on what to disclose. We believe it is proper practice for the state to disclose any evidence that is arguably exculpatory in nature. In this case, it seems very possible that the witnesses, and hence the prosecution, were not aware of a phone log kept at a different Ohio State Highway Patrol Post and that the log was not willfully denied appellant. But there is certain irony in an argument by the state that "the evidence would not help appellant, so we did not give it to him," where the defendant has reached an opposite conclusion. Under similar facts to this case, unless a disclosure is unduly burdensome, we see no reason why it should not be made.
Appellant's assignments of error are without merit. The judgment of the trial court is affirmed.
 ________________________ PRESIDING JUDGE WILLIAM M. O'NEILL
CHRISTLEY, J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment. concur.
[1] Although not really relevant to the determination of this appeal, we respectfully disagree with that conclusion.